FILED

JAN 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACKSON BRYANT BAUGUS,

              Plaintiff - Appellant,

  v.

BILLINGS POLICE DEPARTMENT; et
al.,

              Defendants - Appellees.

No. 10-35983

D.C. No. 1:10-cv-00061-RFC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

     Federal prisoner Jackson Byrant Baugus appeals pro se from the district

court's judgment dismissing his action alleging that defendants violated his due

process rights as a result of his car being seized and retained in police custody for

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

over seven years.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii).  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Baugus's action as time-barred.  *See* Mont. Code Ann. § 27-2-204(1) (three-year statute of limitations for personal injury claims); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions[.]"); *see also Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("The cause of action accrues even though the full extent of the injury is not then known or predictable." (citation and internal quotation marks omitted)).

Baugus's remaining contentions, including that the district court improperly denied his motion to proceed in forma pauperis, are unpersuasive.

**AFFIRMED.**